VICTORINO DLG. TORRES, Esq.
MATTHEW J. HOLLEY, Esq.
**PACIFIC LEGAL TEAM, PC**
Suite 404, DNA Bldg.,
238 Archbishop Flores Street,
Hagatña, Guam 96910

*Tel. No.: (671)989-3279*
*e-mail add: pacificlegalteam@gmail.com*

**Attorneys for Plaintiff**

# District Court
## OF
## GUAM

| | |
|---|---|
| ELAINE M. RODRIGUEZ,<br><br>**Plaintiff,**<br><br>v.<br><br>**LOTTE HOTEL GUAM, LLC., and ABC INSURANCE COMPANY,**<br><br>**Defendants.** | CIVIL ACTION NO. _____<br><br>**COMPLAINT** |

Plaintiff Elaine M. Rodriguez, by and through her attorneys, Victorino DLG. Torres and Matthew J. Holley, hereby alleges as follows:

## JURISDICTION

1. This is a civil action resulting from a personal injury.

## PARTIES

2. Plaintiff Elaine M. Rodriguez is, at the time of filing of this complaint, a United States citizen and a resident of the State of Texas.

3. Defendant Lotte Hotel Guam, LLC is a limited liability company organized pursuant to the laws of the Territory of Guam and whose principle place of business is located in the

Territory of Guam which, at all times relevant to this complaint, transacted business within the Territory of Guam.

4. Plaintiff files this Complaint against Defendant ABC Insurance Company, an unknown insurance company, hereafter referred to a "John Doe Insurance Company".

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332.

6. Venue is proper under 28 U.S.C. §1391(b), (c), and (d).

7. Plaintiff Elaine M. Rodriguez ("Plaintiff" or "Rodriguez") is, at the time of filing of this complaint, a United States citizen and a resident of the State of Texas.

## FACTS

8. On or about August 28, 2022, Plaintiff was an in-house guest of Defendant's hotel, located in Tamuning, Guam.

9. On that day at around 11:30 in the morning, Plaintiff as she stepped out of the Defendant's elevator, slipped and fell on a wet and slippery floor (hereinafter referred to as "Premises").

10. The Premises where Plaintiff slipped and fell was owned, controlled, maintained and/or operated by the Defendant.

11. There was no protective carpet where Plaintiff fell.

12. There were no signs or adequate signs to warn its customers, invitees or guests of the dangerous condition.

13. Plaintiff suffered serious personal injuries which required hospitalization under the care of professional medical staff.

## CAUSE OF ACTION

## (NEGLIGENCE)

14. Plaintiff incorporates by reference paragraphs 1 through 13 above as fully set forth herein.

15. The Defendant had a duty to Plaintiff as a customer, guest or an invitee, to reasonably and prudently maintain its premises and its floor in a safe condition.

16. The Defendant knew or by the exercise of reasonable care should have discovered the dangerous condition regarding its wet floor, and should have realized that it created an unreasonable risk of harm to customers, guests or invitees, such as Plaintiff.

17. The Defendant failed its duty to exercise reasonable care to maintain its Premises and its floor in a safe condition.

18. The Defendant failed to properly maintain the Premises and allowed the dangerous condition to exist.

19. The Defendant failed in its duty to reasonably and prudently maintain its premises and conditions that are within its exclusive control where Plaintiff fell.

20. The Defendant has a duty to reasonably and prudently maintain its Premises and its floor in a safe condition. Defendant failed in that duty to maintain the floor in a safe condition as follows:

    a. Failed to properly ensure that the floor was not wet and was safe to walk upon;
    b. Failed to provide proper protective carpeting;
    c. Failed to provide proper floor tile;
    d. Failed to provide an anti-skid product;
    e. Failed to ensure a safe environment; and
    f. Failed to properly provide adequate warning signs to warn individuals of the dangerous condition.

21. As a direct and proximate cause of Defendant's failure, Plaintiff has sustained, economic and non-economic damages, serious personal injuries resulting in hospitalization, medical expenses, future medical expenses, severe pain and suffering and emotional and mental distress, and has suffered diminished quality of life.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests a judgment as follows:

1. Against Defendants for compensatory damages, economic and non-economic damages, for medical care and expenses, bodily injury and special damages in the amount to be proven at trial and in excess of $75,000.00;

2. Against Defendant for costs; and

3. For such other and further relief to which she is entitled to receive at law and/or in equity even though not demanded for in any of the pleadings.

Respectfully submitted on May 1, 2023.

PACIFIC LEGAL TEAM, PC.

_____
VICTORINO DLG TORRES
Attorney for Plaintiff

-4.-