**THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| ELAINE RODRIGUEZ,<br><br>Plaintiff,<br><br>vs.<br><br>LOTTE HOTEL GUAM, LLC. and DB INSURANCE, CO., LTD.,<br><br>Defendants. | CIVIL CASE NO. 23-00013<br><br>**DECISION AND ORDER DENYING DEFENDANT LOTTE HOTEL GUAM'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 28) AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE (ECF NO. 35)** |

Before the court is Defendant Lotte Hotel Guam, LLC's Motion for Summary Judgment and Plaintiff Elaine Rodriguez's Motion to Strike Exhibits Post Discovery Deadline. ECF Nos. 28, 35. The court has reviewed the record, the relevant case law, and deems this matter suitable for submission without oral argument.

For the reasons explained below, Defendant Lotte Hotel Guam's Motion for Summary Judgment is **DENIED** and Plaintiff's Motion to Strike Exhibits Post Discovery Deadline is **GRANTED IN PART** and **DENIED IN PART**.

I.   **BACKGROUND**[1]

The court recites the following undisputed facts and procedural history as necessary to

---

[1] Pin citations to the parties' briefs throughout this Decision and Order refer to CM/ECF page numbers.

reach its decision.

A. Undisputed Facts

On August 28, 2022, Plaintiff and her husband were guests at Lotte Hotel Guam. FAC ¶ 13, ECF No. 15. Around 11:30 a.m., the couple was moving from the second-floor pool area to the fifth-floor lobby. FAC at ¶ 14, ECF No. 15; Def.'s Mem. at 1-2, ECF No. 29; Pl.'s Opp'n at 5, ECF No. 35. When Plaintiff exited the elevator, she slipped and fell on a wet substance. FAC at ¶ 14, ECF No. 15; Def.'s Mem. at 2, ECF No. 29. Plaintiff was injured and incurred damages as a result of the fall. FAC at ¶ 18, ECF No. 15.

At the time of the Plaintiff's accident, assistant general manager Yeonwook "Peter" Cheong oversaw the supervision of public area cleaning staff, hotel managers, bell staff, and G4S security officers. Def.'s Statement Undisputed Facts at 1-2, ECF No. 30; Pl.'s Statement Material Facts at 1, ECF No. 35-9. Public area attendants are assigned to clean the public areas of the hotel, which includes sweeping and mopping the guest elevators and elevator landings. *See* Def.'s Statement Undisputed Facts at 3, ECF No. 30; Pl.'s Statement Material Facts at 2, ECF No. 35-9. Additionally, G4S security officers, who are Lotte Hotel Guam's contracted security services, routinely patrol the hotel and are trained to identify security and safety risks. Def.'s Statement Undisputed Facts at 30, ECF No. 30; Pl.'s Statement Material Facts at 3, ECF No. 35-9; *see also* Decl. of Yeonwook "Peter" Cheong at ¶ 15, ECF No. 31.

B. Procedural History

Plaintiff initiated this action on May 1, 2023, invoking the court's subject matter jurisdiction under 28 U.S.C. § 1332, and filed a First Amended Complaint ("FAC") on August 29, 2023. Compl. at ¶¶ 5, 7, ECF No. 1; FAC at ¶ 12, ECF No. 15. Plaintiff's FAC named Lotte Hotel Guam LLC ("Lotte Hotel"), DB Insurance Co., Ltd. ("DB Insurance"), and Aioi Nissay Dowa Insurance Company, Ltd. as defendants. FAC at ¶¶ 5-9, ECF No. 15. Lotte Hotel and DB

Insurance answered on September 12, 2023, and September 27, 2023, respectively. ECF Nos. 16, 17. Plaintiff stipulated to dismiss Defendant Aioi Nissay Dowa Insurance Company on November 17, 2023. ECF No. 18.

On May 10, 2024, after the close of discovery, Defendant Lotte Hotel filed the instant Motion for Summary Judgment. ECF Nos. 28-34. In its motion, Defendant Lotte Hotel requests summary judgment, or partial summary judgment, on the issues of actual and constructive notice of the dangerous condition. Def.'s Mem. at 4, ECF No. 29. Plaintiff opposed the motion and filed an accompanying Motion to Strike that argues Defendant Lotte Hotel tampered with the date of the Daily Activity Report and submitted evidence that should have been produced during discovery. *See* Pl.'s Opp'n at 16-19, ECF No. 35. Consequently, Plaintiff argues, her preparation for trial and response to the Motion for Summary Judgment has been prejudiced, and the late-disclosed evidence should be struck from the record. *Id.* at 23.

## II. DISCUSSION

Plaintiff has properly invoked the court's diversity jurisdiction.[2] Accordingly, the court applies federal procedural law and Guam substantive law. *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 426-26 (1996).

### A. Motion for Summary Judgment

#### 1. Procedural Standard

Summary judgment is appropriate when there is "no genuine dispute as to any material

---

[2] Plaintiff alleges an amount in controversy "in excess of $75,000.00" and that the parties have diversity of citizenship—she is a resident of Texas, Defendant Lotte Hotel is owned by a Delaware corporation with its principal place of business outside of Texas, and Defendant DB Insurance is a foreign corporation with its principal place of business in Guam. *See* FAC at ¶¶ 6-7, 10-12, ECF No. 15; Lotte Hotel Answer at ¶ 6, ECF No. 16; DB Insurance Answer at ¶ 7, ECF No. 17. Although Defendants Lotte Hotel and DB Insurance allege that "diversity jurisdiction may not be proper in this matter and reserve[] the right to challenge the sufficiency of the jurisdictional allegations," jurisdiction is not contested at this stage. *See* Lotte Hotel Answer at ¶ 12, ECF No. 16; DB Insurance Answer at ¶ 12, ECF No. 17.

fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Frlekin v. Apple, Inc.*, 979 F.3d 639, 643 (9th Cir. 2020). Disputes over material facts are "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation omitted). Material facts are those that might affect the outcome of the case under the governing law. *Id.* At this stage, "[t]he evidence is viewed 'in the light most favorable to the nonmoving party.'" *Frlekin*, 979 F. 3d at 643 (quoting *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014)); *Anderson*, 477 U.S. at 255.

The moving party bears the initial burden of demonstrating the basis for the motion, along with the absence of genuine issues of material fact. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If successful, the nonmoving party must then produce evidence to support its claim, such as producing enough evidence to create a genuine issue of material fact. *Nissan Fire*, 210 F.3d at 1103; *see also Keiffer v. Pernsteiner*, 967 F.2d 587 (9th Cir. 1992) (citing *Anderson*, 477 U.S. at 249). The court's function is to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. . . . If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (citations omitted).

### 2. Substantive Law

Under Guam law, a negligence claim requires proof that there was a duty of care, the duty was breached, the defendant caused the breach, and the aggrieved party incurred damages. *Guerrero v. McDonald's Int'l Prop. Co., Ltd.*, 2006 Guam 2, ¶ 9 (citing *Leon Guerrero v. DLB Constr. Co.*, 1999 Guam 9, ¶ 14). The parties do not dispute that Defendant Lotte Hotel owed

Plaintiff a duty of care. *See* Pl.'s Opp'n at 8, ECF No. 35; Def.'s Mem. at 5-6, 9, ECF No. 29; *see also Guerrero*, 2006 Guam at ¶ 10 (extending the duty to exercise reasonable care announced in *Nissan Motor Corp. v. Sea Star Grp. Inc.*, 2002 Guam 5, ¶ 11, to slip and fall cases on Guam). Rather, Defendant Lotte Hotel moves for summary judgment on the issues of actual and constructive notice, arguing that Plaintiff cannot prevail on her negligence claims as a matter of law. Def.'s Mem. at 5-10; ECF No. 29. Specifically, Defendant Lotte Hotel argues that Plaintiff is unable to prove the second and third elements of her negligence claim because there is no genuine dispute of material fact regarding Defendant Lotte Hotel's lack of actual or constructive notice of the dangerous condition. *Id.* at 2, 5.

Under the applicable standard of care, "[e]very one is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter has willfully brought the injury upon himself." 18 GUAM CODE ANN. § 90107; *Guerrero*, 2006 Guam 2, ¶ 10 (explaining that Guam's premises liability statute derives from CAL. CIV. CODE § 1714(a) and that California case law may assist in interpreting the standard of care in negligence cases). Although property owners are not insurers of their visitors' personal safety, reasonable care must be exercised in the management of their property. *Guerrero*, 2006 Guam 2, ¶¶ 10, 13. This standard of care encompasses the property owner's duty to keep the premises reasonably safe, and it is ordinarily exercised "by making reasonable inspections of the portions of the premises open to patrons, and the care required is commensurate with the risks involved." *Id.* at ¶ 13.

Knowledge of the dangerous condition is essential to the property owner's ability to exercise reasonable care. *Id.* at ¶ 21 (explaining that the knowledge requirement "ensures that a court will find a causal connection between the storekeeper's negligence and the patron's

injury"). Once the property owner has actual or constructive knowledge of the dangerous condition, they must take reasonable steps to address or eliminate the condition. *Id.* at ¶¶ 26-28. Absent proof that the property owner either caused the dangerous condition or had actual or constructive knowledge of such condition, liability cannot attach. *Id.* Stated differently, "actual or constructive knowledge on the part of the premises owner 'is merely a means of applying the general rule stated above that the proprietor may be liable if he knew or by the exercise of reasonable care could have discovered the dangerous condition, and it does not alter the basic duty to use ordinary care under all the circumstances.'" *Id.* at ¶ 16 (quoting *Bridgman v. Safeway Stores, Inc.*, 348 P.2d 696, 698 (Cal. 1960)).

### 3. Analysis[3]

There exist genuine disputes as to how the dangerous condition was caused and whether Defendant Lotte Hotel had actual or constructive notice of the dangerous condition. These disputes are material because they could affect the outcome of the suit under the governing substantive law. *See Anderson*, 477 U.S. at 248.

> **i. There is a Genuine Dispute as to the Source of the Dangerous Condition**

First, there is a genuine dispute about the source of the dangerous condition.

Defendant Lotte Hotel argues that it cannot be charged with creating the dangerous condition because it has appropriate managerial oversight, housekeeping procedures, and other precautionary measures in place to prevent dangerous conditions like the wet floor from arising. Def.'s Mem. at 3-4, ECF No. 29. In support, Defendant Lotte Hotel includes declarations and

---

[3] For the reasons discussed in Section II(B), the court's analysis of Defendant Lotte Hotel's Motion for Summary Judgment does not consider the late-disclosed information as identified in Plaintiff's Motion to Strike. *See infra* Section II(B).

1  exhibits from assistant general manager Yeonwook "Peter" Cheong, bell staff member David

2  Singenes, G4S security manager Alexander Chan, and public area attendant Iory Tilimwar

3  attesting to the robust system of precautionary measures in place. *See* ECF Nos. 31-34. In her

4  Opposition, Plaintiff argues that there are flaws in the precautionary measures, and if she did not

5  cause the floor to be wet, then Lotte Hotel knew or should have known of the dangerous

6  condition. *See* Pl.'s Opp'n at 9-10, ECF No. 35; *see also* Decl. of Elaine Rodriguez, ECF No. 35-

7  7. In support, Plaintiff provides deposition transcripts of employees and declarations by herself

8  and her husband, Luis Ortiz. ECF Nos. 35-1 - 35-8. Defendant Lotte Hotel argues that the source

9  of the dangerous condition is immaterial to Plaintiff's claim if she cannot prove notice. Def.'s

10 Reply at 2-4, ECF No. 36.

11       Defendant Lotte Hotel did not move for summary judgment on the issue of who caused

12 the dangerous condition. Rather, Defendant only moved with respect to issues of actual and

13 constructive notice. The court agrees that proof of actual or constructive notice is essential to

14 Plaintiff's negligence claim, regardless of whether Defendant or someone else (other than the

15 Plaintiff) caused the dangerous condition. *See Guerrero*, 2006 Guam 2, ¶¶ 26-28. However,

16 Defendant Lotte Hotel understates the importance of this fact to the outcome of the case and how

17 the issue is intertwined with actual and constructive notice.

18       The source of the dangerous condition may be outcome determinative, and there is a clear

19 dispute regarding whether Plaintiff caused the floor to be wet or whether the floor was wet

20 before she stepped out of the elevator. *Anderson*, 477 U.S. at 249-50; *see also* Pl.'s Opp'n at 9-

21 10, ECF No. 35; Def.'s Mem. at 3-4, ECF No. 29; Def.'s Reply at 1-2, ECF No. 36; Def.'s Decl.

22 of Counsel, ECF No. 37. For example, on the one hand, Defendant Lotte Hotel submits

23 deposition testimony in support of its Reply that indicates Plaintiff was barefoot, wearing a

24

swimsuit, and still wet when she was receiving assistance immediately after the accident. *See* Def.'s Decl. of Counsel at 12, ECF No. 37. On the other hand, Plaintiff and her husband state that she had not gone swimming and was not wet, barefoot, or wearing a swimsuit. *See* Pl.'s Opp'n at 10, ECF No. 35 (citing Decl. of Elaine Rodriguez at ¶ 4, ECF No. 35-7; Decl. of Luis Ortiz at ¶ 5, ECF No. 35-8).

This evidence, in addition to other evidence presented at trial, a reasonable jury could find that Plaintiff did not cause the dangerous condition by tracking water into the hotel and would then consider whether Defendant Lotte Hotel caused the condition or had actual or constructive notice of it. Conversely, a reasonable jury could also find that Plaintiff tracked water into the hotel and caused the floor to be wet, and then find that Defendant was not negligent. This determination is central to the vitality of Plaintiff's negligence claim, particularly the issues of actual and constructive notice. Accordingly, to the extent the source of the dangerous condition is intertwined with actual and constructive notice, summary judgment is denied because a genuine issue of material fact exists.

### ii.  There is a Genuine Dispute as to Actual Notice

Second, there is a genuine dispute about whether Defendant Lotte Hotel had actual notice of the dangerous condition.

Defendant Lotte Hotel argues that there is no evidence to suggest that it knew of the dangerous condition before the incident. Def.'s Mem. at 6-9, ECF No. 29. Defendant then explains that the hotel's "robust and systemic approach to maintaining and inspecting its premises" negates any claim of actual knowledge because none of the employees responsible for "travers[ing] the lobby and elevator areas" or for "ensuring that all public areas of the premises are kept safe and clean" observed any dangerous condition or reported any hazards on the day of

Plaintiff's accident. *Id.* at 7. This includes the security officers, who "monitor CCTVs" and "identify and address potential security and safety issues concerning the Hotel and its occupants," which "includes looking for and identifying any spills on the floor." Decl. of Alexander Chan at 2, ECF No. 33.

Plaintiff argues that the issue of actual notice remains in dispute because Defendant Lotte Hotel destroyed evidence that "obscures facts central to the dispute over causation and notice," i.e., the video surveillance footage and written reports of the incident.[4] Pl.'s Opp'n at 12-13, ECF No. 35. Plaintiff relies on an Incident-Complaint Report written by Security Officer Santiago Cepeda, which states that, after reviewing the security camera footage, he observed that "[u]pon exit out of the elevator [Plaintiff] fell down on the floor." Incident Compl. Report at 2, ECF No. 35-2. Similar information is relied upon from David Singenes' deposition testimony about water in the elevator and Luis Ortiz's declaration about asking Security Officer Cepeda to "check the footage" to confirm the conditions of the fall. Dep. of David Singenes at 30-31, ECF No. 35-6; Decl. of Luis Ortiz at 1, ECF No. 35-8. Defendant Lotte Hotel then rebuts that its failure to preserve the video surveillance footage is not indicative of whether it had notice of the dangerous condition. Reply at 4-5, ECF No. 36.

The court agrees with Defendant Lotte Hotel that a lack of footage is not indicative that it had actual notice of the dangerous condition. The court also agrees that Defendant Lotte Hotel has met its initial burden of showing that it did not have actual notice of the dangerous condition. However, the Plaintiff has presented evidence, as discussed above, that raises a genuine dispute

---

[4] Beyond arguments about how the missing video surveillance footage and written reports weigh upon the issues of actual or constructive notice, Plaintiff does not clearly articulate its request for how the court should deal with the evidence. See Pl.'s Opp'n at 12-14, ECF No. 35. The court notes that, about six months later, Plaintiff has filed a Motion for an Adverse Inference Based on Defendant Lotte Hotel's Spoliation of Evidence. *See* ECF No. 42. The court will address Plaintiff's motion closer to trial.

of material fact. *See Nissan Fire*, 210 F.3d at 1103. The evidence considered, which excludes the declaration and exhibits discussed in Section II(B), does not indicate one way or another whether Defendant had actual knowledge of the condition. Construing the evidence in the light most favorable to Plaintiff, a reasonable jury could find that Defendant had actual notice of the dangerous condition prior to her accident. Therefore, the court denies summary judgment on the issue of actual notice.

### iii. There is a Genuine Dispute as to Constructive Notice

Finally, there is a genuine dispute about whether Defendant Lotte Hotel had constructive notice of the dangerous condition.

Defendant Lotte Hotel argues that it did not have constructive notice of the condition that caused Plaintiff's accident because it "implements and conducted a policy of reasonable inspection, specifically regular Hotel inspections and maintenance," and therefore had no reason to know that the condition existed. Def.'s Mem. at 9-10, ECF No. 29. In other words, Defendant argues that its maintenance and inspection policies adequately discharged its duty as a property owner to discover potentially dangerous conditions. *See id.* at 9; *see also* Decl. of Yeonwook "Peter" Cheong at 2-3, ECF No. 31; Decl. of David Singenes at 2-3, ECF No. 32; Decl. of Alexander Chan at 2-4, ECF No. 33. Plaintiff argues that these precautionary measures were insufficient, suggesting that Defendant Lotte Hotel should have discovered the dangerous condition. Pl.'s Opp'n at 11, ECF No. 35. Specifically, Plaintiff identifies evidence of inadequate warning measures for possible hazards such as water being tracked into the hotel, possible inconsistencies in staff inspection routines and responsibilities, and potential gaps in cleaning schedules for the subject area. *See id.* at 10-12, 14-20. In response, Defendant Lotte Hotel argues that the possibility of water being present in the subject area does not prove notice, the hotel's

cleaning and inspection policies were sufficient, and adequate warning measures were in place. *See* Def.'s Reply at 2-4, 6-10, ECF No. 36.

The court finds that Plaintiff has met her burden of presenting evidence sufficient to show that there is a genuine issue of material fact regarding whether Defendant Lotte Hotel had constructive notice of the dangerous condition. *See Nissan Fire*, 210 F.3d at 1103. In finding that Plaintiff did not cause the dangerous condition, and in consideration of the evidence presented, a reasonable jury could find that Defendant Lotte Hotel's precautionary measures, inspection routine, and cleaning schedule were not reasonable or adhered to in light of their duty to keep the premises free from safety hazards. And, therefore, a reasonable jury could find that Defendant Lotte Hotel should have known about the existence of the dangerous condition upon which Plaintiff slipped and fell. *See Guerrero*, 2006 Guam 2, ¶ 23 (citing *Ortega v. Kmart Corp.*, 36 P.3d 11, 13 (Cal. 2001)). Conversely, a reasonably jury could also find that the same precautionary measures, inspection routine, and cleaning schedule were reasonable and adhered to, and the hotel had no reason to know about the dangerous condition. Therefore, the court denies summary judgment on the issue of constructive notice.

In sum, Defendant Lotte Hotel's Motion for Summary Judgment is denied in its entirety.

**B. Motion to Strike**

Plaintiff's Motion to Strike Exhibits Post Discovery Deadline requests that the court strike declarations and exhibits that Defendant Lotte Hotel disclosed after discovery had closed. *See* Mot. to Strike at 18, ECF No. 35. Specifically, Plaintiff moves the court to strike the following from consideration of the Motion for Summary Judgment and at trial:

- <u>Exhibit B to the Declaration of Yeonwook "Peter" Cheong</u> (ECF No. 31), which is a daily task list for staff cleaning public areas, a detailed list of tasks for public area cleaning, and a procedure for cleaning the lobby;

- <u>Exhibit A to the Declaration of David Singenes</u> (ECF No. 32), which is a "Rooms Department Weekly Schedule" that includes the weekly schedules of employees from August 28 to September 3, 2022;

- <u>Exhibits A and B to the Declaration of Alexander Chan</u> (ECF No. 33), which are the patrol post areas monitored by the hotel security officers (Ex. A) and a daily activity report for August 28, 2022 (Ex. B); and

- <u>Declaration of Iory Tilimwar and Supporting Exhibits</u> (ECF No. 34), which is a declaration by a former public area attendant supervisor and current assistant manager for housekeeping, along with "Public Area Work Assignment Logs" (Ex. A) and the housekeeping department shift record for August 28, 2022 (Ex. B).

*See id.* at 22. Plaintiff also argues that Lotte Hotel's Daily Activity Report, which is Exhibit B to the Declaration of Alexander Chan, was tampered with as indicated by the hand-written date change from "August 27, 2022" to "August 28, 2022." *See id.* at 20-22; Decl. of Alexander Chan at 8, ECF No. 33. Plaintiff then argues that because these documents and the witness are directly related to her claims, "[t]he failure to provide [them] within the prescribed timeline has hindered [her] ability to effectively prepare for and respond to the Motion for Summary Judgment, significantly prejudicing [her] case." *Id.* at 23. Plaintiff then adds that she wants "these disclosures and any related arguments [stricken] from the record." *Id.*

Plaintiff's Motion to Strike does not articulate the basis for her request, i.e., the legal ground upon which her request is made. For example, if the Motion to Strike was made under Federal Rule of Civil Procedure 12(f), it would be improper because the rule deals with striking matter from *pleadings*. *See* Fed. R. Civ. P. 12(f); *cf. Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-74 (9th Cir. 2010) (applying Rule 12(f) to issues in the pleadings); *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) (explaining purpose of Rule 12(f)). Whereas if Plaintiff's Motion to Strike was made under Federal Rule of Civil Procedure 37(c), then the requested relief to strike (or, more accurately, to exclude) may be appropriate. *See* Fed.

R. Civ. P. 37(c).

The legal ground for the motion determines the proper legal standard to be applied. Because Rule 37(c) appears to be apt to resolve Plaintiff's requested relief, the court will apply the appropriate standard herein.[5]

**1. Legal Standard**

Federal Rule of Civil Procedure 26 governs the duty to disclose both during discovery and after the close of discovery. *See* Fed. R. Civ. P. 26. Rule 26(a) governs initial disclosures, while subsection (e) governs supplementing such disclosures. Fed. R. Civ. P. 26(a), (e). Discoverable information is "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* "A complaint generally guides the parties' discovery," but discovery is not limited to such information. *E.g., Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000). The proper inquiry is whether the information sought "is relevant to any party's claim or defense and proportional to the needs to the case." Fed. R. Civ. P. 26(b)(1).

Pertinent to Plaintiff's Motion to Strike, "a party must, without awaiting a discovery request, provide to other parties":

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

---

[5] The court reminds the parties to support their motions and other filings with applicable legal authority where appropriate. *E.g.*, CVLR 7 (requiring "[a]ll motions, unless made during a hearing or trial" to include "citation to the section of the United States Code [or] other statute or rule under which the motion is brought"). If Plaintiff intended a different result from her Motion to Strike than the one discussed in this Decision and Order, such as an order on a motion in limine, then she should file the appropriate motion rather than scantly raise issues in footnotes or omit authority altogether. *E.g.*, Pl.'s Opp'n and Mot. to Strike at 23 n.6, ECF No. 35.

>> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment[.]

FED. R. CIV. P. 26(a)(1)(A)(i)-(ii). After making such disclosures, a party "must supplement or correct its disclosure or response":

>> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]

FED. R. CIV. P. 26(e)(1)(A). If a party fails to fulfill its obligations under Rule 26, the aggrieved party may seek relief under Rule 37. *See* FED. R. CIV. P. 37. In relevant part, Rule 37 provides that:

>> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>>
>> (A) may order payment of the reasonable expenses, including attorneys fees, caused by the failure;
>>
>> (B) may inform the jury of the party's failure; and
>>
>> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

FED. R. CIV. P. 37(c)(1). Rule 37(c)(1) is a "self-executing," "automatic sanction" that "gives teeth" to Rule 26's disclosure requirements. *See Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (quoting FED. R. CIV. P. 37 advisory committee's note (1993); *Yeti by Molly Ltd. v. Decker*, 259 F.3d 1101, 1106 (9th Cir. 2001)). Even absent violation of an explicit court order or a showing of bad faith or willfulness, "exclusion is an appropriate

remedy for failing to fulfill the required disclosure requirements of Rule 26(a)." *Yeti by Molly*; 259 F.3d at 1106. The court has "wide latitude" to issue sanctions under Rule 37(c)(1), but the court cannot impose a lesser sanction for failure to comply unless an appropriate motion is made. *Id.*; *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 741 (9th Cir. 2021).

The party seeking to avoid Rule 37's exclusionary sanction bears the burden of establishing that the failure to disclose was "substantially justified or harmless." *Id.* at 1107; *see also Merchant*, 993 F.3d at 740 ("As the Rule plainly states, litigants can escape the 'harshness' of exclusion only if they prove that the discovery violations were substantially justified or harmless."). When exclusion may deal a "fatal blow" to the nonmoving party's case, such as when it amounts to dismissal of a claim, the court must then "consider whether the claimed noncompliance involved willfulness, fault or bad faith, . . . and also [] consider the availability of lesser sanctions." *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1247-48 (9th Cir. 2012) (citations omitted). However, "if the noncompliant party fails to argue harmlessness [or substantial justification], a district court need not hold a sua sponte hearing on that issue before imposing Rule 37(c)(1)'s default sanction." *Merchant*, 993 F.3d at 741.

Additionally, the court "has the inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence." *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993).

**2. Analysis**

As explained above, Plaintiff moves the court to strike the following because they were provided after the close of discovery, and such untimely disclosure "has prejudiced her ability to prepare for and respond to the Motion for Summary Judgment":

- Exhibit B to the Declaration of Yeonwook "Peter" Cheong (ECF No. 31);

- Exhibit A to the Declaration of David Singenes (ECF No. 32);
- Exhibits A and B to the Declaration of Alexander Chan (ECF No. 33); and
- Declaration of Iory Tilimwar and Supporting Exhibits (ECF No. 34).

Mot. to Strike at 23, ECF No. 35. Plaintiff also requests that such disclosures be stricken from the record, preventing their use at trial.[6] *Id.* Defendant Lotte Hotel offers three explanations for the untimely disclosure: (1) the disclosure was supplemental to the initial disclosures; (2) Lotte Hotel only provided the documents to its counsel "shortly before being disclosed" to Plaintiff; and (3) Defendant Lotte Hotel "only became aware of the relevance of the late-disclosed documents after the discovery phase and depositions had been completed" because Plaintiff's theories of her case became clearer. Def.'s Opp'n at 3-4, ECF No. 38. Defendant Lotte Hotel then argues that late disclosure does not prejudice Plaintiff because she has had ample opportunity to review the documents before trial and because Defendant Lotte Hotel is willing to accommodate reasonable requests for further discovery or depositions to mitigate potential prejudice. *Id.* at 4. Plaintiff then argues that Defendant Lotte Hotel misunderstands its discovery obligations and has not sufficiently demonstrated that the late disclosure was substantially justified or harmless. Pl.'s Opp'n at 1-2, ECF No. 39.

   First, the court finds that Defendant Lotte Hotel has not shown that the late disclosures

---

[6] Relatedly, Plaintiff questions the "accuracy and trustworthiness" of Lotte Hotel's Daily Activity Report because of alleged tampering with the document date. *See* Mot. to Strike at 20-22, ECF No. 35. Defendant Lotte Hotel explains that the change in date was not made in bad faith, but rather "to correct Lotte's clerical error." *See* Def.'s Opp'n at 2, ECF No. 38. Plaintiff did not address the issue further in her Reply. *See* Pl.'s Reply, ECF No. 39.

Other than draw attention to "the lack of transparency regarding the alteration," Plaintiff does not request any specific form of relief related to the tampering, she only instructs the court that it has discretionary power to make evidence rulings. *See* Mot. to Strike at 20-22, ECF No. 35. Even so, Defendant Lotte Hotel's limited explanation for the date alteration in the Daily Activity Report appears to be sufficient. *See* Pl.'s Reply, ECF No. 39. The court is not convinced that the change of date constitutes "destruction" or "spoliation," or that there was bad faith involved. *See Glover*, 6 F.3d at 1329 (citing and distinguishing *Siegal v. Am. Honda Motor Co.*, 921 F.2d 15 (1st Cir. 1990)). The court will not address the issue further without a cognizable evidentiary objection or request for relief.

were "substantially justified" under Rule 37(c). Defendant Lotte Hotel's claim that the information was supplemental to its initial disclosures or that the information's relevance to Plaintiff's claims was unknown, without more, is insufficient. Defendant Lotte Hotel has not provided any explanation of how this information would not be relevant to Plaintiff's claims as understood during discovery or how it was not encompassed by the Plaintiff's initial discovery requests. *See generally* FAC, ECF No. 15. Additionally, if it is true that Lotte Hotel did not provide its counsel with the documents until shortly before they were disclosed to Plaintiff, then Defendant Lotte Hotel needs to support this claim with more than one sentence in its Reply. *See* Pl.'s Opp'n at 3, ECF No. 38; *see also* FED. R. CIV. P. 37(c).

Next, Defendant Lotte Hotel argues that its late disclosure does not prejudice the Defendant because she has "ample opportunity to review the documents before trial," and "Defendant is willing to accommodate any reasonable requests for further discovery or depositions related to the supplemental information to mitigate any potential prejudice." *Id.* at 2. In essence, Defendant Lotte Hotel argues that the late disclosure was "harmless."

The court agrees that Plaintiff's ability to prepare for and respond to the Motion for Summary was prejudiced because of Defendant Lotte Hotel's late disclosure, including the fact that Plaintiff was unable to depose Iory Tilimwar about the late-disclosed exhibits. *See* Mot. to Strike at 23, ECF No. 35. In this regard, the late disclosure was not "harmless." *See* FED. R. CIV. P. 37(c). However, the same is not true for use of the late-disclosed information after the Motion for Summary Judgment. Plaintiff claims that the failure to timely disclose has "impact[ed] the strategic approach to both discovery and trial preparation." Mot. to Strike at 23, ECF No. 35. While the court agrees that the late disclosure impacts Plaintiff's ability to fully explore the "veracity and applicability" of this evidence, the trial schedule has not been reset pending the

court's decision in this matter, the next status hearing is set for February 13, 2025, before the U.S. Magistrate Judge, and Defendant has indicated that it is receptive to extending discovery for these matters. *See* Order, ECF No. 40; Order, ECF No. 43; Def.'s Opp'n at 4, ECF No. 38. There continues to be time available for Defendant Lotte Hotel to remedy its late disclosure before trial and allow Plaintiff to explore the evidence as if it were disclosed earlier.

Therefore, Plaintiff's Motion to Strike is granted in part and denied in part. The motion is granted insofar as the late-disclosed information is excluded from the court's consideration of the Motion for Summary Judgment but is denied such that the late-disclosed information will not be excluded for use in future motions or at trial at this time.

The court further orders the parties to meet and confer regarding the possibility of reopening discovery as it relates to Defendant Lotte Hotel's late disclosure of the aforementioned witnesses and documents. *See supra* at 16. The parties shall then be prepared to discuss any further resolution of this matter before the U.S. Magistrate Judge. *See* Order, ECF No. 43.

### III. CONCLUSION

For the foregoing reasons, Defendant Lotte Hotel's Motion for Summary Judgment is **DENIED**, and Plaintiff's Motion to Strike is **GRANTED IN PART** and **DENIED IN PART**.

**SO ORDERED.**



/s/ **Frances M. Tydingco-Gatewood**
        **Chief Judge**
**Dated: Feb 04, 2025**